UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GORDON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE BAY AREA AIR QUALITY<br>MANAGEMENT DISTRICT,<br><br>　　　　Defendants. | No. C08-3630 BZ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

　　Before the Court is defendant Bay Area Air Quality Management District's ("defendant") motion for summary judgment on all eight of plaintiff Andrea Gordon's ("plaintiff") claims.[1] Defendant's motion is **GRANTED IN PART** and **DENIED IN PART** for the following reasons.

### *Exhaustion of Remedies*

　　Plaintiff's Fair Employment and Housing Act claims fail because plaintiff did not obtain a right-to-sue letter from the Department of Fair Employment and Housing as required by

---

[1] The parties consented to my jurisdiction for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

1

the FEHA. Martin v. Lockheed Missiles & Space Co., 29 Cal.App.4th 1718, 1725 (1994). Summary judgment is appropriate where a plaintiff fails to exhaust administrative remedies. Miller v. United Airlines, Inc., 174 Cal.App.3d 878 890 (1985). Though plaintiff received a right-to-sue letter from the EEOC, "[a] right to sue letter from the EEOC does not satisfy the exhaustion requirement with respect to claims under the FEHA." Chambers v. City of Berkeley, 2002 WL 433606, *4 (N.D.Cal. 2002). Defendant's motion for summary judgment on plaintiff's FEHA claims is therefore **GRANTED.**

In its moving papers, defendant argued that most of plaintiff's claims under Title VII fail because plaintiff did not exhaust her administrative remedies. "A person seeking relief under Title VII must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice[.]" Surrell v. California Water Service Co., 518 F.3d 1097, 1104 (9th Cir. 2008).[2] After filing the charge, a plaintiff may sue only if the EEOC issues a right-to-sue letter. Id. at 1105. In the absence of any "equitable consideration to the contrary," failure to attain a right-to-sue letter renders a suit properly subject to dismissal. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Defendant argued that plaintiff had not

---

[2] At oral argument plaintiff's counsel stated his belief that a plaintiff has 300 days to file a complaint with the EEOC, which is correct but only if proceedings are initiated at the state level in a deferral jurisdiction such as California. Laquaglia v. Rio Hotel & Casino, Inc., 186 F.3d 1172, 1174 (9th cir. 1999). Here, the relevant charge was filed with the EEOC, not the California Department of Fair Employment and Housing.

2

articulated any equitable considerations to excuse her failure to exhaust her administrative remedies.  Therefore, the only actionable employment decisions are those that fall within the scope of the April 3, 2007 EEOC charge, for which plaintiff was issued a right-to-sue letter.

At oral argument, plaintiff claimed that the scope of her EEOC complaint and subsequent right-to-sue letter were broader than defendant claimed.  See Sosa v. Hiraoka, 920 F.2d 1451, 1456-1458 (9th Cir. 1990).  Because this is a question of law, the Court read Sosa, which provides some support for plaintiff's position.  Sosa requires that EEOC charges be construed liberally and defines the scope of the EEOC complaint to include all charges which would have been encompassed by any EEOC investigation, including adverse employment actions that occur after filing a charge.  Id. at 1456-57.  Defendant inexplicably did not cite Sosa in its papers and has not had any opportunity to respond to it.  In view of the disposition of the other arguments, time remains to consider the appropriate scope of plaintiff's Title VII claims.  Defendant shall file a supplemental brief of up to five pages on this issue by **January 19, 2010**, specifically identifying which, if any, of plaintiff's post EEOC complaint claims are encompassed by her complaint dated February 14, 2007.  If a reply is necessary, the Court will request one. In the interim this portion of the motion for summary judgment is taken under submission.

### ***Title VII Claims***

The hiring of Abby Young as Principal Governmental

3

Planner occurred within 180 days of the EEOC complaint on February 14, 2007. Plaintiff contends that defendant discriminated against her on account of her race in selecting Abby Young. At oral argument, plaintiff also claimed that defendant chose Young in retaliation for an internal discrimination complaint that plaintiff lodged following the hiring of David Wiley, a white male, in June of 2006.

In order to establish a prima facie case of race discrimination under Title VII, plaintiff must present evidence "that gives rise to an inference of unlawful discrimination." Sischo-Nownejad v. Merced Community College, 934 F.2d 1104, 1009 (9th Cir. 1991)(citations omitted). Plaintiff may use direct or circumstantial evidence of discrimination. See id. at 1110. The amount of evidence plaintiff must produce for the prima facie case is "very little." Id. at 1111. Plaintiffs commonly follow the model for presenting circumstantial evidence first established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Using the McDonnell Douglas model, plaintiff would have to present evidence that: 1) she is a member of a protected class, 2) she was qualified for the position, 3) she was subject to an adverse employment action, and 4) similarly situated persons not in her protected class were treated more favorably. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir. 2002). If plaintiff succeeds in producing evidence sufficient to raise an inference of discrimination, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employment

4

decision.  See id.  Once the defendant rebuts the inference of discrimination, the plaintiff must show that the articulated reason for the employment action is a pretext for discrimination.  See id.

Here, plaintiff satisfied her initial burden under McDonnell Douglas.  Plaintiff is a member of a protected class; she is African-American.  At oral argument, defendant conceded that plaintiff was qualified for the position.  Finally, plaintiff did not get the job for which she applied.  Abby Young, a white woman and similarly situated person, got the job.  The burden then shifted to defendant to articulate a legitimate, nondiscriminatory reason for hiring Young instead of plaintiff.

Defendant failed to carry its burden in the second stage of the McDonnell Douglas analysis.  The only material evidence defendant submitted is two memoranda from Vintze to Broadbent recommending that Young be hired.[3]  These documents simply reflect Vintze's conclusion that Young was the best choice for the job.  They do not explain why she was chosen over Gordon.

---

[3] The February 14, 2007 Memorandum is the hiring recommendation.  Young apparently turned the job down unless she was offered more money.  The March 1 Memorandum, which adds little to the earlier one, justifies a pay increase. Plaintiff's objection to these hiring Memoranda, on the grounds that they are not records of regularly conducted activity under F.R.C. 803(6), is **OVERRULED**.  However, given the nature of these documents and the fact that they are produced in a vacuum and without any context, doubts as to their trustworthiness are sufficient so that the court gave them little weight; not enough weight to carry defendant's burden of production. Plaintiff's same objection to other documents sponsored by Christine Holmes is **OVERRULED** for similar reasons. The objection that those documents were not properly authenticated is **DENIED**.

The attributes of Young discussed in those memoranda do not appear to be significantly different than those of Gordon. More importantly, it is difficult to know how those attributes relate to the qualifications for the job, since defendant did not submit the position announcement which, according to its hiring procedures, lists the qualifications for the position.[4] Holmes Dec. ¶ 6, Ex. 1, 2. Nor did defendant provide Young's application or any of the other documents which the hiring procedures require. Significantly absent is any declaration or other testimony from Vintze explaining why Young was chosen over Gordon.

Defendant's claim that it has met its burden under stage two of McDonnell-Douglas is not supported by the cases on which it relies. For example, in Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000), the Court relied on a fully developed record following testimony at trial from multiple witnesses, who provided several legitimate, nondiscriminatory reasons for the adverse employment decision. Id. at 143-44. I therefore find that defendant failed to articulate a legitimate, nondiscriminatory reason for hiring Abby Young, and defendant's motion as to Title VII discrimination is **DENIED.**

To establish a prima facie case of retaliation under Title VII, plaintiff must show "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and

---

[4] For example, the hiring memoranda cite Young's public speaking experience, but there is no evidence that such experience was a job requirement.

6

(3) there was a causal link between her activity and the employment decision." <u>Stegall v. Citadel Broad. Co.</u>, 350 F.3d 1061, 1065-66 (9th Cir. 2004) (internal citations omitted). Plaintiff engaged in protected activity in her August 9, 2006 letter protesting being passed over for the Supervising Environmental Planner position. She suffered an adverse employment action when she was again passed over for promotion when defendant hired Abby Young.

While the briefing on causation is virtually non-existent, the Court has examined the record and has found two pieces of circumstantial evidence regarding causation. One is temporal. Plaintiff was passed over on the next job for which she applied, about 6 months after her complaint. <u>See</u> <u>Stegall</u>, supra at 1069; <u>Yartzoff v. Thomas</u>, 809 F.2d 1371, 1376 (9th Cir. 1987). There is also some evidence that blacks were underrepresented in defendant's workforce. Although the overall level of circumstantial evidence does not appear strong, given the fact that the employment discrimination case with respect to the hiring of Young has survived summary judgment, it seems appropriate to allow the retaliation claim, which turns largely on the same evidence, to also go to trial.

### *Section 1981 Claims*

The defendant also moved for summary judgment on the grounds that plaintiff failed to plead and prove her Section 1981 claims. As a preliminary matter, defendant argued that plaintiff had failed to allege treatment pursuant to an "official policy or custom" of defendant. There was no further argument or citation to authority on this issue. At

7

the summary judgment stage, the question is whether there is evidence in the record that plaintiff's treatment was pursuant to official policy of defendant. The undisputed facts disclose that each of the hiring decisions were made by defendant's management, including its Executive Officer, Jack Broadbent. However, <u>Jett v. Dallas Independent School District</u>, 491 U.S. 701, 737 (1989) and <u>Lytle v. Carl</u>, 382 F.3d 978, 982 (9th Cir. 2004), teach that whether a person is the final policymaker for purposes of making employment decisions is a question of state law which must be resolved by the trial judge before the case is submitted to the jury. Moreover, a person may have a title such as superintendent of schools and not necessarily be the final policymaker. See <u>Jett</u> at p. 737. Accordingly, the Court gave both parties an opportunity to submit further evidence and briefing on this issue.

The defendant's Board of Directors is its governing body. Cal. Health & Safety C. §40220. Broadbent is the District's Executive Officer and its Air Pollution Control Officer (APCO). He is authorized to appoint District personnel and to develop and implement policy for the District. Section 40751; Racine Decl. Exh. 1. Significantly, the written record of each decision of which plaintiff complains consists of a hiring recommendation to Broadbent. There is no dispute that Broadbent acted on it and there is evidence that defendant's practice was for Broadbent to give final approval of hiring decisions. Whether Broadbent made the decisions, as plaintiff contends, or merely ratified them, as defendant contends, is a question to be resolved at trial. Based on the record before

8

me, I find that Mr. Broadbent is the final policymaker on such matters and there is sufficient evidence of his involvement in the hiring decisions of which plaintiff complains for her Section 1981 claims to go to the jury.[5]

This brings me to the question of whether the defendant is entitled to summary judgment that it did not violate Section 1981 by discriminating and retaliating against plaintiff. In the 9th Circuit, the burdens of production and persuasion on summary judgment on Section 1981 claims are the same as those for Title VII claims. For the reasons that defendant is not entitled to summary judgment on plaintiff's Title VII claim involving Ms. Young, it is not entitled to summary judgment on the Section 1981 claims. Moreover, defendant has employed the same methodology in meeting its burden of production at stage two of the McDonnell Douglas analysis with respect to all of the other claims asserted by plaintiff. For the reasons the District has failed to meet its burden with respect to Young, it has failed to meet its burden with respect to the other hiring decisions.

For the stated reasons, defendant's motion for summary judgment as to plaintiff's FEHA claims is **GRANTED.** Defendant's motion for summary judgment on plaintiff's 1981 claims is **DENIED.** Defendant's motion for summary judgment on

---

[5] Gillette v. Delmore, 979 F.2d 1342, (9th Cir. 1992), on which defendant relies, is readily distinguishable. Unlike Fire Chief Hall, Broadbent is the final policymaker for hiring decisions. And unlike the City Manager, the final policymaker in Gillette who was charged with being aware that Gillette had been disciplined and not having countermanded it, here Broadbent affirmatively approved the hiring decisions.

9

plaintiff's Title VII claims for race discrimination and retaliation in selecting Young for Principal Governmental Planner is **DENIED.** The motion for summary judgment on the remaining Title VII claims is taken **UNDER SUBMISSION**.

Dated: January 12, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\GORDON\SJ-bz.wpd