UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREA GORDON, | ) | |
| | ) | |
| Plaintiffs, | ) | No. C08-3630 BZ |
| | ) | |
| v. | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION FOR SUMMARY JUDGMENT** |
| THE BAY AREA AIR QUALITY MANAGEMENT DISTRICT, | ) | **ON REMAINING CLAIMS** |
| | ) | |
| Defendants. | ) | |

After reviewing defendant's second supplemental brief in support of its motion for summary judgment, **IT IS ORDERED** that defendant's motion for summary judgment as to the remaining Title VII claims is **DENIED**.

Defendant relies exclusively on National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002) to support its argument that plaintiff's February 17, 2007 EEOC charge cannot as a matter of law encompass acts after its filing date. Defendant also argues that although Morgan did not expressly overrule Sosa v. Hiraoka, 920 F.2d 1451 (9th Cir. 1990), Sosa's precedential value is suspect because Sosa is inconsistent with Morgan.

1

Morgan held that a "Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period . . . ." 536 U.S. at 122. Morgan did not address exhaustion of administrative remedies; it dealt with actions occurring outside of the applicable 180 or 300 day statute of limitations. In other words, Morgan focused on actions before filing an EEOC charge, while Sosa focused on actions post-filing. Defendant did not explain how or why Morgan's statute of limitations analysis should apply to exhaustion.

The Ninth Circuit authority that has interpreted Sosa in light of Morgan has come to a conclusion contrary to defendant's position.[1] One court succinctly stated that "Morgan is inapplicable to the exhaustion issue." Kitchen v. WSCO Petroleum Corp., 481 F.Supp.2d 1136, 1142 (D.Or. 2007) (discussing the post-Morgan applicability of Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir.2002), a case interpreting and applying Sosa). Lyons v. England specifically applied the "like or reasonably related" test for the exhaustion analysis, and applied Morgan for the statute of limitations analysis. 307 F.3d 1092, 1104 (9th Cir. 2002).

Here, the February 17, 2007 EEOC charge for failure to promote based on race and sex encompasses the subsequent failures to promote because those hiring decisions are

---

[1] The Court remains concerned that defendant is not citing relevant Ninth Circuit authority, which it deems unfavorable. See e.g. Golden Eagle Distributing Corp. v. Burroughs Corp., 809 F.2d 584 (9th Cir. 1987) (dissent from denial of sua sponte request for en banc hearing).

2

factually consistent with the allegations in the EEOC charge.[2] As was the case with the Abby Young decision, defendant has failed to carry its burden in the second stage of the <u>McDonnell Douglas</u> analysis. Doc. No. 55 p. 3-6. Defendant's motion for summary judgment on the remaining Title VII claims is **DENIED**.

Dated: January 27, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\GORDON\PART SJ ORD FINAL VERSION.wpd

---

[2] The last hiring decision that plaintiff challenges in her complaint was made on May 13, 2008, well before the EEOC issued the right to sue letter on June 20, 2008. Compl. ¶ 9. To the extent defendant sought summary judgment on a hiring decision made on October 8, 2008, the motion is **DENIED** since that decision is not part of the complaint.

3