FILED

APR 2 1 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREA GORDON,                              )
                                            )
          Plaintiffs,                       )      No. C08-3630 BZ
                                            )
     v.                                     )
                                            )      **PROPOSED JURY INSTRUCTIONS**
THE BAY AREA AIR QUALITY                    )
MANAGEMENT DISTRICT,                        )
                                            )
          Defendants.                       )
_____)

Attached is a draft of the case specific instructions the
Court proposes to give at the conclusion of trial.  Any
objection to these instructions shall be made in writing by
April 30, 2010 and shall be accompanied by a proposed revised
or replacement instruction.

Dated: April 21, 2010

_____
                Bernard Zimmerman
          United States Magistrate Judge

G:\BZALL\-BZCASES\GORDON\BZ JURY INSTRUCTIONS\COURT'S PROPOSED JURY
INSTRUCTIONS PLEADING.wpd

## FAIR TREATMENT

All parties are equal before the law and a governmental agency

is entitled to the same fair and conscientious consideration by you as

any party.

## AGENT AND PRINCIPAL—DEFINITION

An agent is a person who performs services for another person under an express or implied agreement and who is subject to the other's control or right to control the manner and means of performing the services. The other person is called a principal.

2

## AGENT—SCOPE OF AUTHORITY DEFINED

An agent is acting within the scope of authority if the agent is engaged in the performance of duties which were expressly or impliedly assigned to the agent by the principal.

# ACT OF AGENT IS ACT OF PRINCIPAL—SCOPE OF AUTHORITY NOT IN ISSUE

Any act or omission of an agent within the scope of authority is the act or omission of the principal.

4

## RACE AND GENDER DISCRIMINATION - Title VII AND §1981

Plaintiff brought  separate claims of employment discrimination and retaliation against Defendant under two federal laws, Title VII of the 1964 Civil Rights Act and the Civil Rights Act of 1866, *as amended* (sometimes called §1981).  Both statutes prohibit discrimination on the basis of race. Title VII also prohibits discrimination on the basis of sex or gender.

5

## GENDER PLUS RACE DISCRIMINATION - PROMOTION

Plaintiff claims that her sex plus race was a motivating factor for Defendant's decisions not to promote her on three occasions. Defendant denies that Plaintiff's sex plus race was a motivating factor for its decisions not to promote her. Defendant claims its decisions were based upon lawful, nondiscriminatory reasons.

To prove her discrimination claims, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. She was not promoted to the position of Supervising Environmental Planner in June 2006; or Principal Environmental Planner in February 2007; or Supervising Environmental Planner in August 2007;

2. She was qualified for the position; and

3. Her sex plus race was a motivating factor in Defendant's decisions not to promote her . With respect to the position of Principal Environmental Planner in February 2007, you may find for Plaintiff on that claim only if you find that Plaintiff's race was a motivating factor in Defendant's decision.

If you find that Plaintiff failed to prove all these elements as to any of

6

the positions for which she applied, your verdict should be for the defendant on that claim.

If you find that Plaintiff has proved all these elements as to any one of the three positions, your verdict should be for Plaintiff. If the plaintiff has proved all of these elements for any claim, the plaintiff is entitled to your verdict on that claim, even if you find that the defendant's conduct was also motivated by a lawful reason. If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's race and/or sex had played no role in the employment decision, your verdict should be for the defendant on that claim.

## MOTIVATING FACTOR

The phrase "motivating factor" means something that moved

Defendant toward its decision and induced action. Even though other

matters may have contributed to the taking of the action, Defendant is still

liable for discrimination if Plaintiff's sex or race, was one of the factors.

## CIVIL RIGHTS—TITLE VII—RETALIATION—ELEMENTS AND BURDEN OF PROOF

The Plaintiff seeks damages against the defendant for retaliation. The Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the Plaintiff engaged in an activity protected under federal law, that is complaining to defendant and to the EEOC about defendant's race or sex discrimination.

2.    the employer subjected the Plaintiff to an adverse employment action; and

3.    the protected activity was a motivating factor in the adverse employment action.

If you find that the Plaintiff has failed to prove any of these elements, your verdict should be for the defendant. If the Plaintiff has proved all three of these elements, the Plaintiff is entitled to your verdict, unless the defendant has proved by a preponderance of the evidence that it would have made the same decision even if the Plaintiff's participation in a protected activity had played no role in the employment decision. In that event, the defendant is entitled to your verdict, even if the Plaintiff has met her burden of proof on all three of the above elements.

9

## ADVERSE EMPLOYMENT ACTION - IN RETALIATION CASES

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable employee from making or supporting a charge of discrimination.

10

## 1981 INSTRUCTION

In addition to Title VII, Plaintiff has claims based upon the Civil Rights Act of 1866, generally referred to in these instructions as §1981. § 1981 also prohibits discrimination and retaliation on the basis of race, but does not apply to claims of sex discrimination.  The elements of a § 1981 claim for failure to promote or retaliation are the same as under Title VII, with one exception.

11

## Local Public Entity Liability—Proof of
## Municipal or County Policy

In order for Plaintiff to prevail on her § 1981 claim against the
defendant, Plaintiff must prove by a preponderance of the evidence that
the actions or conduct that deprived her of her civil rights were performed
pursuant to a governmental policy of defendant. The Court has determined
that Jack Broadbent is defendant's policymaker for hiring decisions, and
thus the person responsible for establishing defendant's governmental
policy in connection with the failures to promote Plaintiff. If you find that
the acts of Jack Broadbent deprived Plaintiff of her civil rights, then the
defendant is liable for such deprivation.

## NO SPECIFIC INTENT REQUIREMENT

It is not necessary to find that Defendant had a specific intent to deprive Plaintiff of her civil rights in order to find in favor of Plaintiff. Plaintiff is entitled to relief if intentional conduct by Defendant resulted in the violation of her rights.

13

## INTENTIONAL AND PURPOSEFUL ACTS DEFINED

An act is intentional if it is done knowingly - that is, if it is done voluntarily and deliberately and not because of mistake, accident, neglect or other reason.  An act is purposeful if it is done with a conscious design, intent, or plan that it be done.

14

## COMPENSATORY DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff on the Plaintiff's race discrimination, sex discrimination, or retaliation claims, you must determine the Plaintiff's damages. The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the defendant. You should consider the following:

-   The nature and extent of the injuries;

-   The mental emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

If you find for the Plaintiff, the Court will determine whether Plaintiff is entitled to lost wages or reinstatement. Accordingly, do not take into account any past or future lost wages in your calculation of damages.

15

## CAUSATION: SUBSTANTIAL FACTOR

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

## MITIGATION

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.   that the Plaintiff failed to use reasonable efforts to mitigate damages; and

2.   the amount by which damages would have been mitigated.

17

## EMOTIONAL DISTRESS - DEFINED

The term "emotional distress" means mental distress, mental suffering or mental anguish. It includes all highly unpleasant mental reactions, such as fright, nervousness, grief, anxiety, worry, mortification, shock, humiliation and indignity, as well as physical pain.

G:\BZALL\-BZCASES\GORDON\BZ JURY INSTRUCTIONS\JURY INSTRUCTIONS BZ DRAFT V 3.wpd