1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT
9                  NORTHERN DISTRICT OF CALIFORNIA
10

11  ANDREA GORDON,                    )
                                      )
12          Plaintiff,                )      No. C08-3630 BZ
                                      )
13      v.                            )
                                      )    **FINAL PRETRIAL ORDER**
14  THE BAY AREA AIR QUALITY          )
    MANAGEMENT DISTRICT,              )
15                                    )
            Defendant.                )
16  _____  )

17

18      The pretrial conference in this case was held on April

19  22, 2010.  Andrea Gordon ("Gordon") was represented at the

20  conference by Howard Moore, Jr. Esq. and Pamela Price, Esq.

21  The Bay Area Air Quality Management District ("defendant") was

22  represented by Richard Schneider, Esq and Sandra Dawes Esq.

23      This Order shall control the subsequent conduct of the

24  case and be modified only to prevent manifest injustice.  *See*

25  Fed. R. Civ. P. 16(e).

26      **1.   LENGTH AND TIME OF TRIAL**

27      Trial shall begin on **Monday, May 10, 2010, at 8:30 a.m.**

28  in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate

                                1

1   Avenue, San Francisco, California 94102.  The trial schedule
2   is as follows:  8:30 a.m. - 1:30 p.m.

3       Plaintiff shall be prepared to call witnesses **Monday, May**
4   **10, 2010.**  Each side shall schedule witnesses to avoid any
5   interruption in the presentation of testimony.  Plaintiff will
6   have 13 hours to present evidence.  Defendant shall have 9
7   hours.  Time will be kept consistent with the method described
8   during the pretrial conference.

9       **2.   CLAIMS TO BE TRIED**

10      The following claims will be tried to a jury: retaliation
11  and race and sex discrimination in the hiring of Young,
12  Fournier, and Wiley, and retaliation.

13      In the event plaintiff prevails, issues of equitable
14  relief will be tried to the Court, directly after the jury
15  verdict.  The Court has time available on Tuesday, May 18,
16  2010.  The parties are directed to try to stipulate to as many
17  of the equitable relief issues as they can.

18      **3.   VOIR DIRE**

19      Any objections to the proposed voir dire questions
20  distributed at the conference should be filed by no later than
21  **Friday, April 30, 2010.**

22      **4.   MOTIONS**

23      Plaintiff's Motion No. 1 is **DENIED** subject to it being
24  renewed at trial if defendant seeks to introduce a document
25  that was not previously produced or call a witness which was
26  not properly identified in pretrial proceedings.

27      Plaintiff's Motion No. 2 is **DENIED** to the extent that
28  plaintiff may testify concerning her personal belief about

                                    2

1    discrimination in her work place so long as it is grounded in
2    her personal knowledge.  See Gossett v. Oklahoma, 245 F.3d
3    1172, 1179 (10th Cir. 2001); Lee v. TRW, Inc., 2006 WL
4    5105273, *2 (C.D. Cal. 2006)

5        Plaintiff's Motion No. 3 is **DENIED**.  Many of plaintiff's
6    proposed questions will be included in the court's voir dire.

7        Plaintiff's Motion No. 4 is **GRANTED** subject to being
8    reconsidered should plaintiff introduce evidence about
9    defendant's ongoing "institutional bias."

10       Plaintiff's Motion Nos. 5 and 6 are **GRANTED** as unopposed.
11       Plaintiff's Motion No. 7 to exclude reference to
12   plaintiff's counsels' prior and current representations of
13   plaintiff in other cases is **GRANTED** subject to being
14   reconsidered should plaintiff try to introduce evidence of the
15   sort of concerns mentioned at the bottom of page 1 in
16   defendant's opposition.

17       Plaintiff's Motion No. 8 is **GRANTED** subject to being
18   reconsidered if plaintiff's testimony places this matter at
19   issue.

20       Defendant's Motion No. 1 is **DENIED**.  Evidence of Mr.
21   Wiley's harassment is relevant to the issue of whether Mr.
22   Wiley retaliated against plaintiff.  It may also be relevant
23   to plaintiff's sex discrimination claim to the extent that it
24   establishes that the District tolerated sexually harassing
25   conduct.  If the timing of any of the acts of alleged
26   harassment is such that the act cannot have constituted
27   retaliation, then the motion will likely be granted.

28       Defendant's Motion No. 2 is **DENIED**.  The evidence is

3

1 | relevant to plaintiff's § 1981 claim for race discrimination
2 | and retaliation in the selection of David Wiley.

3 |     Defendant's Motion Nos. 3 and 4 are **GRANTED** as unopposed.

4 |     Defendant's Motion No. 5 is **GRANTED IN PART AND DENIED IN**
5 | **PART**.   The motion is **GRANTED** as to the "hooligan" comment.   I
6 | do not construe plaintiff's testimony as establishing that
7 | this is a racist comment, as opposed to being an offensive
8 | comment. In any event, Mr. Ortellado apologized immediately,
9 | so the testimony would tend to be more prejudicial than
10 | probable.   The motion is also **GRANTED** as to the testimony
11 | about comments Mr. Hilken is alleged to have made in 1994.
12 | The motion is **DENIED** as to the other comments.

13 |     Defendant's Motion No. 6 is **GRANTED** to the extent that
14 | evidence which is relevant only to Wiley's post-hiring
15 | performance is excluded.   See <u>McDougal-Wilson v. Goodyear Tire</u>
16 | <u>and Rubber Co.</u>, 427 F.Supp.2d 595, 608 n.4 (E.D.N.C. 2006)
17 | (finding that "such 'post-decision' performance is irrelevant
18 | to the decision maker's original promotion decision").
19 | Evidence of his post-hiring performance which is relevant to
20 | issues such as whether Mr. Wiley engaged in retaliation or
21 | whether the District harbors racial or sexual animus will not
22 | be excluded.   Nor will evidence of post-hiring performance
23 | that bears directly on issues about Mr. Wiley's background and
24 | experience that were known to the District at the time it made
25 | the hiring decision. See <u>Rifkinson v. CBS</u>, 1997 WL 634514, *6
26 | (S.D.N.Y. 1997) (finding that such evidence may be admissible
27 | if a plaintiff can establish a specific nexus demonstrating
28 | how "performance evaluations lead to an inference of

1    discriminatory intent at the time of the hiring").

2         **5.   EXHIBITS AND EVIDENCE**

3         Exhibits shall not be a part of the record or go to the

4    jury unless sponsored by a witness or otherwise brought to the

5    jury's attention.  The parties must lodge the entire

6    transcript of all depositions they anticipate using at trial

7    by the start of trial.  The parties are to meet and confer in

8    an effort to agree on exhibits consistent with the rulings I

9    provided during the pretrial conference.  The parties are to

10   submit joint and, if necessary, separate lists of exhibits by

11   **MAY 6, 2010**.  Further rulings on exhibits will be made at a

12   conference to be conducted on May 10, 2010 after the

13   conclusion of testimony, unless a specific ruling is needed

14   before trial begins.

15        **6.   JURY INSTRUCTIONS**

16        Rulings on the instructions were made on the record at

17   the pretrial conference on April 22, 2010.  The Court

18   distributed a proposed set of final instructions.

19        **7.   MISCELLANEOUS**

20        Any party who desires a transcript of the trial must make

21   arrangements with the court reporter.  Any party who needs an

22   interpreter or audio or visual equipment shall make its own

23   arrangements for same and clear all such equipment with court

24   security personnel.

25        The parties are instructed to notify the Court

26   immediately if this action should settle before the

27   ///

28   ///

5

1  commencement of trial.

2  Dated: April 26, 2010

3

4                          Bernard Zimmerman
                           United States Magistrate Judge
5

6  G:\BZALL\-BZCASES\GORDON\PreTrial\PRETRIAL ORDER.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                6