UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GORDON, ) | |
| ) | |
| Plaintiff, ) | No. C08-3630 BZ |
| ) | |
| v. ) | |
| ) | **FINAL PRETRIAL ORDER** |
| THE BAY AREA AIR QUALITY ) | |
| MANAGEMENT DISTRICT, ) | |
| ) | |
| Defendant. ) | |

The pretrial conference in this case was held on April 22, 2010. Andrea Gordon ("Gordon") was represented at the conference by Howard Moore, Jr. Esq. and Pamela Price, Esq. The Bay Area Air Quality Management District ("defendant") was represented by Richard Schneider, Esq and Sandra Dawes Esq.

This Order shall control the subsequent conduct of the case and be modified only to prevent manifest injustice. *See* Fed. R. Civ. P. 16(e).

**1. LENGTH AND TIME OF TRIAL**

Trial shall begin on **Monday, May 10, 2010, at 8:30 a.m.** in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate

1

| | |
|---|---|
| 1 | Avenue, San Francisco, California 94102.  The trial schedule |
| 2 | is as follows:  8:30 a.m. - 1:30 p.m. |
| 3 | Plaintiff shall be prepared to call witnesses **Monday, May** |
| 4 | **10, 2010**.  Each side shall schedule witnesses to avoid any |
| 5 | interruption in the presentation of testimony.  Plaintiff will |
| 6 | have 13 hours to present evidence.  Defendant shall have 9 |
| 7 | hours.  Time will be kept consistent with the method described |
| 8 | during the pretrial conference. |
| 9 | **2.    CLAIMS TO BE TRIED** |
| 10 | The following claims will be tried to a jury: retaliation |
| 11 | and race and sex discrimination in the hiring of Young, |
| 12 | Fournier, and Wiley, and retaliation. |
| 13 | In the event plaintiff prevails, issues of equitable |
| 14 | relief will be tried to the Court, directly after the jury |
| 15 | verdict.  The Court has time available on Tuesday, May 18, |
| 16 | 2010.  The parties are directed to try to stipulate to as many |
| 17 | of the equitable relief issues as they can. |
| 18 | **3.    VOIR DIRE** |
| 19 | Any objections to the proposed voir dire questions |
| 20 | distributed at the conference should be filed by no later than |
| 21 | **Friday, April 30, 2010.** |
| 22 | **4.    MOTIONS** |
| 23 | Plaintiff's Motion No. 1 is **DENIED** subject to it being |
| 24 | renewed at trial if defendant seeks to introduce a document |
| 25 | that was not previously produced or call a witness which was |
| 26 | not properly identified in pretrial proceedings. |
| 27 | Plaintiff's Motion No. 2 is **DENIED** to the extent that |
| 28 | plaintiff may testify concerning her personal belief about |

1    discrimination in her work place so long as it is grounded in
2    her personal knowledge.  See Gossett v. Oklahoma, 245 F.3d
3    1172, 1179 (10th Cir. 2001); Lee v. TRW, Inc., 2006 WL
4    5105273, *2 (C.D. Cal. 2006)
5        Plaintiff's Motion No. 3 is **DENIED**.  Many of plaintiff's
6    proposed questions will be included in the court's voir dire.
7        Plaintiff's Motion No. 4 is **GRANTED** subject to being
8    reconsidered should plaintiff introduce evidence about
9    defendant's ongoing "institutional bias."
10       Plaintiff's Motion Nos. 5 and 6 are **GRANTED** as unopposed.
11       Plaintiff's Motion No. 7 to exclude reference to
12   plaintiff's counsels' prior and current representations of
13   plaintiff in other cases is **GRANTED** subject to being
14   reconsidered should plaintiff try to introduce evidence of the
15   sort of concerns mentioned at the bottom of page 1 in
16   defendant's opposition.
17       Plaintiff's Motion No. 8 is **GRANTED** subject to being
18   reconsidered if plaintiff's testimony places this matter at
19   issue.
20       Defendant's Motion No. 1 is **DENIED**.  Evidence of Mr.
21   Wiley's harassment is relevant to the issue of whether Mr.
22   Wiley retaliated against plaintiff.  It may also be relevant
23   to plaintiff's sex discrimination claim to the extent that it
24   establishes that the District tolerated sexually harassing
25   conduct.  If the timing of any of the acts of alleged
26   harassment is such that the act cannot have constituted
27   retaliation, then the motion will likely be granted.
28       Defendant's Motion No. 2 is **DENIED**.  The evidence is

relevant to plaintiff's § 1981 claim for race discrimination and retaliation in the selection of David Wiley.

Defendant's Motion Nos. 3 and 4 are **GRANTED** as unopposed.

Defendant's Motion No. 5 is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to the "hooligan" comment. I do not construe plaintiff's testimony as establishing that this is a racist comment, as opposed to being an offensive comment. In any event, Mr. Ortellado apologized immediately, so the testimony would tend to be more prejudicial than probative. The motion is also **GRANTED** as to the testimony about comments Mr. Hilken is alleged to have made in 1994. The motion is **DENIED** as to the other comments.

Defendant's Motion No. 6 is **GRANTED** to the extent that evidence which is relevant only to Wiley's post-hiring performance is excluded. See McDougal-Wilson v. Goodyear Tire and Rubber Co., 427 F.Supp.2d 595, 608 n.4 (E.D.N.C. 2006) (finding that "such 'post-decision' performance is irrelevant to the decision maker's original promotion decision"). Evidence of his post-hiring performance which is relevant to issues such as whether Mr. Wiley engaged in retaliation or whether the District harbors racial or sexual animus will not be excluded. Nor will evidence of post-hiring performance that bears directly on issues about Mr. Wiley's background and experience that were known to the District at the time it made the hiring decision. See Rifkinson v. CBS, 1997 WL 634514, *6 (S.D.N.Y. 1997) (finding that such evidence may be admissible if a plaintiff can establish a specific nexus demonstrating how "performance evaluations lead to an inference of

```
 1  discriminatory intent at the time of the hiring").
 2       5.   EXHIBITS AND EVIDENCE
 3            Exhibits shall not be a part of the record or go to the
 4  jury unless sponsored by a witness or otherwise brought to the
 5  jury's attention.  The parties must lodge the entire
 6  transcript of all depositions they anticipate using at trial
 7  by the start of trial.  The parties are to meet and confer in
 8  an effort to agree on exhibits consistent with the rulings I
 9  provided during the pretrial conference.  The parties are to
10  submit joint and, if necessary, separate lists of exhibits by
11  MAY 6, 2010.  Further rulings on exhibits will be made at a
12  conference to be conducted on May 10, 2010 after the
13  conclusion of testimony, unless a specific ruling is needed
14  before trial begins.
15       6.   JURY INSTRUCTIONS
16            Rulings on the instructions were made on the record at
17  the pretrial conference on April 22, 2010.  The Court
18  distributed a proposed set of final instructions.
19       7.   MISCELLANEOUS
20            Any party who desires a transcript of the trial must make
21  arrangements with the court reporter.  Any party who needs an
22  interpreter or audio or visual equipment shall make its own
23  arrangements for same and clear all such equipment with court
24  security personnel.
25            The parties are instructed to notify the Court
26  immediately if this action should settle before the
27  ///
28  ///
```

commencement of trial.

Dated: April 26, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\GORDON\PreTrial\PRETRIAL ORDER.wpd