UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA GORDON, ) | |
| ) | |
| Plaintiffs, ) | No. C08-3630 BZ |
| ) | |
| v. ) | **ORDER DENYING PLAINTIFF'S** |
| ) | **MOTION FOR NEW TRIAL** |
| THE BAY AREA AIR QUALITY ) | |
| MANAGEMENT DISTRICT, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Andrea Gordon seeks a new trial following a jury verdict for the defendant. Plaintiff claims that a new trial is appropriate because 1) the verdict was against the weight of evidence and 2) because improper evidence was presented to the jury.

Relief under Federal Rule of Civil Procedure 59(a) is only appropriate if the jury verdict was "against the clear weight of the evidence." <u>Landes Constr. Co. v. Royal Bank of Canada</u>, 833 F.2d 1365, 1371 (9th Cir.1987).

> On the one hand, the trial judge does not sit to approve miscarriages of justice. His power to set aside the verdict is supported by clear precedent at common law and, far from being a denigration or a usurpation of jury trial, has long been regarded as an integral part of

1

> trial by jury as we know it. On the other hand, a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter.... If, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial.

Id. at 1371-72 (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2806, at 48-49 (1973) (quotation marks and footnotes omitted)).

Having considered all of the evidence presented at trial, I find that the weight of the evidence supports the jury's verdict, including the findings that plaintiff did not prove her retaliation or discrimination claims.

Plaintiff's argument that the Court committed prejudicial error in admitting evidence of plaintiff's job performance is similarly unpersuasive. Plaintiff characterizes Ms. Schkolnick's testimony that plaintiff "lost" $400,000 as character evidence and that should have been excluded. Plaintiff however opened the door to evidence regarding her job performance when she testified repeatedly that she was an exemplary employee and that the district harbored an improper and unfounded agenda against her. The testimony which Ms. Schkolnick offered contradicted plaintiff's claims regarding the quality of her job performance, and was properly admitted.

///
///
///
///

1 | It is therefore **ORDERED** that plaintiff's motion for a new
2 | trial is **DENIED**.
3 | Dated: July 19, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\GORDON\ORDER DENYING MOTION FOR NEW TRIAL.wpd